ARMSTRONG, Judge.
The relator's claims have no merit. There was no error in the trial court’s denial of his application for post conviction relief.
The relator has provided a copy of the multiple bill transcript for review. It indicates that the trial court advised the relator his right to remain silent and require the state to prove the prior conviction alleged in the multiple bill. The relator acknowledged that he understood his rights.
Because the relator waived his right to a hearing, the State was relieved of proving the prior conviction, including the discharge date. However, because the relator claims that counsel was ineffective, presumably for not requiring the State to furnish its proof, this court has contacted DOC and been advised that the relator was paroled on the predicate offense on June 28, 1987. The instant offense was committed on February 3, 1990. The cleansing period did not elapse.
The relator’s claim that his original sentence was not vacated is equally without merit. Although the transcript does not specify that the original sentence was to be vacated, the minute entry did so indicate. This court confirmed with DOC that the relator is being held on only one sentence, as a multiple offender, in the instant case. Although a verbatim transcript controls over a minute entry; in this case the omission in the transcript relative to the instruction did not prejudice the relator.
The relator’s claim that he was not advised of the specific allegations in the multiple bill is without- merit. A written multiple bill was filed into the record advising him of the allegations against him. The claim of ineffective assistance of counsel is also without merit. The relator fails to show prejudice by any action or omission of counsel.
WRIT DENIED.